**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| ACQIS LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:20-cv-00965 ADA |
| | § | |
| vs. | § | |
| | § | |
| INVENTEC CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**INVENTEC'S ANSWER TO ACQUIS'S COMPLAINT
FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 12, Defendant Inventec Corporation ("Inventec"), by and through its undersigned counsel, hereby answers the Complaint for Patent Infringement ("Complaint") of ACQIS LLC ("ACQIS") as follows. This Answer is based on Inventec's current knowledge as to its own activities and upon information and belief as to the activities of others. Inventec denies all allegations in the Complaint, except those specifically admitted below.

## INTRODUCTION

1. Inventec admits that ACQIS's pleading purports to be a complaint for patent infringement. Inventec lacks knowledge or information to form a belief as to the truth or accuracy of the allegations of Paragraph 1 of the Complaint and, on that basis, deny them.

2. Inventec denies it has infringed any valid and enforceable patent claim or that ACQIS is entitled to any relief or damages. Inventec avers that any exhibits to the

Complaint are documents that speak for themselves. Inventec denies the remaining allegations of Paragraph 2 of the Complaint.

3. Inventec denies the allegations of Paragraph 3 of the Complaint.

4. The statements of Paragraph 4 of the Complaint appears to constitute conclusions of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegations in Paragraph 4.

**THE PARTIES**

5. Inventec lacks knowledge or information to form a belief as to the allegations of Paragraph 5 of the Complaint, and therefore denies the same.

6. Admitted.

7. Inventec denies the allegations of Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8. Admitted.

9. Admitted.

10. Inventec does not contest, solely for the purposes of the present litigation, whether personal jurisdiction over it properly lies in this District. Inventec denies it has infringed any valid and enforceable patent claim or that ACQIS is entitled to any relief or damages. To the extent that the allegations in Paragraph 10 of the Complaint constitute conclusions of law, no response of Inventec is required. Inventec denies the remaining allegations, to the extent an answer is deemed required.

11. Inventec denies the allegations of Paragraph 11 of the Complaint.

12. Inventec does not contest at this time, and solely for the purpose of the present litigation, whether venue over it properly lies in this District. Inventec denies that venue in this

district is convenient and reserves the right to seek transfer to a more appropriate or convenient forum.

## FACTUAL BACKGROUND

### Dr. Chu and the ACQIS Patents

13. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 13 of the Complaint and, on that basis, denies them.

14. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 14 of the Complaint and, on that basis, denies them.

15. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 15 of the Complaint and, on that basis, denies them

16. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 16 of the Complaint and, on that basis, denies them

17. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 17 of the Complaint and, on that basis, denies them

18. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 18 of the Complaint and, on that basis, denies them

19. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 19 of the Complaint and, on that basis, denies them

20. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 20 of the Complaint and, on that basis, denies them.

21. Inventec admits that Dr. Chu's name is listed as a named inventor on the ACQIS patents asserted in this case. Inventec lacks the knowledge sufficient to form a belief as to Dr. Chu being named an inventor on 41 patents and, on that basis denies the remaining allegations in

Paragraph 21.

22. Inventec admits that Dr. Chu's name is listed as a named inventor on the ACQIS patents asserted in this case, but denies that they include inventions. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 22 of the Complaint and, on that basis, denies them.

23. Inventec admits that face of the '768 patent attached to the Complaint states its title as "Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction in Opposite Directions." Inventec admits that the face of the '768 patent attached to the Complaint identifies its filing date as March 13, 2014. Inventec admits that the face of the '768 patent attached to the Complaint identifies its issue date as December 27, 2016. Inventec admits that the face of the '768 patent attached to the Complaint identifies "William W. Y. Chu" as the sole inventor. Inventec admits that the '768 patent attached to the Complaint states a priority claim to U.S. Provisional Patent Application No. 60/134,122 that was filed May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 23 of the Complaint and, on that basis, denies them.

24. Inventec admits that the face of the '750 patent attached to the Complaint states its title as "Computer System Including CPU or Peripheral Bridge Directly Connected to a Low Voltage Differential Signal Channel that Communicates Serial Bits of a Peripheral Component Interconnect Bus Transaction in Opposite Directions." Inventec admits that the face of the '750 patent attached to the Complaint identifies its filing date as October 9, 2014. Inventec admits that the face of the '750 patent attached to the Complaint identifies its issue date as July 11, 2017. Inventec admits that the face of the '750 patent attached to the Complaint identifies "William W.

Y. Chu" as the sole inventor. Inventec admits that the '750 patent attached to the Complaint states a priority claim to U.S. Provisional Patent Application No. 60/134,122 that was filed May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 24 of the Complaint and, on that basis, denies them.

25. Inventec admits that the face of the '797 patent attached to the Complaint states its title as "Method of Improving Peripheral Component Interface Communications Utilizing a Low Voltage Differential Signal Channel." Inventec admits that the face of the '797 patent attached to the Complaint identifies its filing date as October 10, 2012. Inventec admits that the face of the '797 patent attached to the Complaint identifies its issue date as March 10, 2015. Inventec admits that the face of the '797 patent attached to the Complaint identifies "William W. Y. Chu" as the sole inventor. Inventec admits that the '797 patent attached to the Complaint states a priority claim to U.S. Provisional Patent Application No. 60/134,122 that was filed May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 25 of the Complaint and, on that basis, denies them.

26. Inventec admits that the face of the '359 patent attached to the Complaint states its title as "Computer System Including CPU or Peripheral Bridge to Communicate Serial Bits of Peripheral Component Interconnect Bus Transaction and Low Voltage Differential Signal Channel to Convey the Serial Bits." Inventec admits that the face of the '359 patent attached to the Complaint identifies its filing date as January 17, 2013. Inventec admits that the face of the '359 patent attached to the Complaint identifies its issue date as June 17, 2014. Inventec admits that the face of the '359 patent attached to the Complaint identifies "William W. Y. Chu" as the sole inventor. Inventec admits that the '359 patent attached to the Complaint states a priority claim to U.S. Provisional Patent Application No. 60/134,122 that was filed May 14, 1999.

Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 26 of the Complaint and, on that basis, denies them.

27. Inventec admits that the face of the ’654 patent attached to the Complaint states its title as “Data Security Method and Device for Computer Modules.” Inventec admits that the face of the ’654 patent attached to the Complaint identifies its issue date as December 17, 2013. Inventec admits that the face of the ’654 patent attached to the Complaint identifies the filing date of the reissue application as October 10, 2012. Inventec admits that the face of the ’654 patent attached to the Complaint identifies “William W. Y. Chu” as the sole inventor. Inventec admits that the face of the ’654 patent attached to the Complaint identifies that it is a reissue of U.S. Patent 6,634,777, which issued on November 4, 2003, from Application No. 09/312,199, filed on May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 27 of the Complaint and, on that basis, denies them.

28. Inventec admits that the face of the ’739 patent attached to the Complaint states its title as “Data Security Method and Device for Computer Modules.” Inventec admits that the face of the ’739 patent attached to the Complaint identifies its issue date as January 28, 2014. Inventec admits that the face of the ’739 patent attached to the Complaint identifies the filing date of the reissue application as May 21, 2013. Inventec admits that the face of the ’739 patent attached to the Complaint identifies “William W. Y. Chu” as the sole inventor. Inventec admits that the face of the ’739 patent attached to the Complaint identifies that it is a reissue of U.S. Patent 6,634,777, which issued on November 4, 2003, from Application No. 09/312,199, filed on May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 28 of the Complaint and, on that basis, denies them.

29. Inventec admits that the face of the ’602 patent attached to the Complaint states

its title as "Data Security Method and Device for Computer Modules." Inventec admits that the face of the '602 patent attached to the Complaint identifies its issue date as August 21, 2012. Inventec admits that the face of the '602 patent attached to the Complaint identifies the filing date of the reissue application as November 10, 2011. Inventec admits that the face of the '602 patent attached to the Complaint identifies "William W. Y. Chu" as the sole inventor. Inventec admits that the face of the '602 patent attached to the Complaint identifies that it is a reissue of U.S. Patent 6,634,777, which issued on November 4, 2003, from Application No. 09/312,199, filed on May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 29 of the Complaint and, on that basis, denies them.

30. Inventec admits that the face of the '984 patent attached to the Complaint states its title as "Data Security Method and Device for Computer Modules." Inventec admits that the face of the '984 patent attached to the Complaint identifies its issue date as November 29, 2011. Inventec admits that the face of the '984 patent attached to the Complaint identifies the filing date of the reissue application as September 16, 2009. Inventec admits that the face of the '984 patent attached to the Complaint identifies "William W. Y. Chu" as the sole inventor. Inventec admits that the face of the '984 patent attached to the Complaint identifies that it is a reissue of U.S. Patent 6,634,777, which issued on November 4, 2003, from Application No. 09/312,199, filed on May 14, 1999. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 30 of the Complaint and, on that basis, denies them.

31. Inventec denies that the ACQIS patents asserted in this case include inventions. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 31 of the Complaint and, on that basis, denies them.

32. Inventec lacks the knowledge to form a belief as to the truth or accuracy of

allegations of Paragraph 32 of the Complaint and, on that basis, denies them.

33. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 33 of the Complaint and, on that basis, denies them.

34. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 34 of the Complaint and, on that basis, denies them.

35. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 35 of the Complaint and, on that basis, denies them.

36. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 36 of the Complaint and, on that basis, denies them.

37. Inventec lacks the knowledge to form a belief as to the truth or accuracy of allegations of Paragraph 37 of the Complaint and, on that basis, denies them.

38. Inventec denies the allegations of Paragraph 38 of the Complaint.

39. Inventec denies the allegations of Paragraph 39 of the Complaint.

**Inventec's Products**

40. Inventec lacks the knowledge of the definition of "global scale," and at least on that basis, denies that it manufactures and sells computers, telephones, notebooks, servers, and motherboards. Inventec denies the remaining allegations in Paragraph 40 of the Complaint.

41. Inventec denies the allegations of Paragraph 41 of the Complaint.

42. Inventec denies the allegations of Paragraph 42 of the Complaint.

43. Inventec admits it, and/or its affiliates or subsidiaries, has server products designated K888G4, K900G4, and P47G4. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 43 of the Complaint and, on that basis, denies them.

44. Inventec admits it, and/or its affiliates or subsidiaries, has motherboard products designated B880G4 and B888G4. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the remaining allegations of Paragraph 44 of the Complaint and, on that basis, denies them.

45. Inventec denies the allegations of Paragraph 45 of the Complaint.

46. Inventec denies the allegations of Paragraph 46 of the Complaint.

47. Inventec denies the allegations of Paragraph 47 of the Complaint.

48. Inventec denies the allegations of Paragraph 48 of the Complaint.

**The Servers**

49. Inventec denies that the allegations in Paragraph 49 of the Complaint are complete or accurate, and on that basis, denies them.

50. Inventec admits that the K888G4 uses the Intel Xeon Processor Scalable Family. Inventec denies the remaining allegations of paragraph 50 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

51. Inventec denies the allegations of paragraph 51 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

52. Inventec denies the allegations of paragraph 52 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are

complete or accurate and, on that basis denies them.

53. Inventec denies the allegations of paragraph 53 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

54. Inventec denies the allegations of paragraph 54 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

55. Inventec denies the allegations of paragraph 55 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

56. Inventec denies the allegations of paragraph 56 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

57. Inventec denies the allegations of paragraph 57 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

58. Inventec denies the allegations of paragraph 58 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec

denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

59. Inventec denies the allegations of paragraph 59 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

60. Inventec admits that the P47G4 product uses AMD® EPYCTM processor family. Inventec denies the remaining allegations of paragraph 60 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

61. Inventec denies the allegations of paragraph 61 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

62. Inventec denies the allegations of paragraph 62 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

63. Inventec denies the allegations of paragraph 63 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

64. Inventec denies the allegations of paragraph 64 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

65. Inventec denies the allegations of paragraph 65 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

66. Inventec denies the allegations of paragraph 66 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

**The Motherboards**

67. Inventec denies the allegations of paragraph 67 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

68. Inventec denies the allegations of paragraph 68 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

69. Inventec denies the allegations of paragraph 69 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec

denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

70. Inventec denies the allegations of paragraph 70 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

71. Inventec denies the allegations of paragraph 71 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

72. Inventec denies the allegations of paragraph 72 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

73. Inventec denies the allegations of paragraph 73 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

74. Inventec denies the allegations of paragraph 74 to the extent Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations. Otherwise, Inventec denies that the allegations concerning ACQIS' characterization of the identified products are complete or accurate and, on that basis denies them.

**Inventec's Alleged Infringement**

75. Inventec denies the allegations of Paragraph 75 of the Complaint.

76. Inventec denies the allegations of Paragraph 76 of the Complaint.

77. Inventec denies the allegations of Paragraph 77 of the Complaint.

78. Inventec denies the allegations of Paragraph 78 of the Complaint.

**ACQIS Alleged Provision of Notice of Alleged Infringement**

79. Inventec admits it received a letter dated May 14, 2018 from Mr. Chu on behalf of ACQIS Technology Inc. Inventec admits that the letter identified, among others, the ACQIS Patents asserted in the Complaint. Inventec admits that the letter described prior enforcement actions of alleged other patents owned by ACQIS Technologies. Inventec lacks the knowledge to form a belief as to the truth or accuracy of whether ACQIS prior lawsuit enforcing its patents resulted in a significant jury verdict against IBM and, on that basis, denies it. Inventec denies the remaining allegations in Paragraph 79 of the Complaint.

80. Inventec admits that the letter stated "We would be interested in discussing potential investment in our company or other licensing arrangement with you." Inventec denies the remaining allegations in Paragraph 80 of the Complaint.

81. Inventec admits it responded to the letter and stated that "the Products as indicated in your letter did not use the Technology." Inventec denies the remaining allegations in Paragraph 81 of the Complaint.

82. Inventec denies the allegations in Paragraph 82 of the Complaint.

83. Inventec denies the allegations in Paragraph 83 of the Complaint.

84. Inventec denies the allegations in Paragraph 84 of the Complaint.

**Inventec's Alleged Indirect Infringement**

85. Inventec admits that the Inventec 2019 Annual Report states that America is a

"Major sales territory" for the "Major product department" that includes "Notebook computers, servers, and other electronic information products." Inventec denies the remaining allegations in Paragraph 85 of the Complaint.

86. Inventec denies the allegations in Paragraph 86 of the Complaint.

87. Inventec denies the allegations in Paragraph 87 of the Complaint.

88. Inventec denies the allegations in Paragraph 88 of the Complaint.

89. Inventec denies the allegations in Paragraph 89 of the Complaint.

90. Inventec denies the allegations in Paragraph 90 of the Complaint.

91. Inventec denies the allegations in Paragraph 91 of the Complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,529,768

92. Inventec incorporates Paragraphs 1-91 above by reference as if fully set forth herein.

93. Paragraph 93 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

94. Inventec denies the allegations in Paragraph 94 of the Complaint.

95. Inventec denies the allegations in Paragraph 95 of the Complaint.

96. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 96 of the Complaint and, on that basis, denies them.

97. Inventec denies the allegations in Paragraph 97 of the Complaint.

98. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 98 of the Complaint and, on that basis, denies them.

99. Inventec denies the allegations in Paragraph 99 of the Complaint.

100. Inventec denies the allegations in Paragraph 100 of the Complaint.

101. Inventec denies the allegations in Paragraph 101 of the Complaint.

102. Inventec denies the allegations in Paragraph 102 of the Complaint.

103. Inventec denies the allegations in Paragraph 103 of the Complaint.

104. Inventec denies the allegations in Paragraph 104 of the Complaint.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 9,703,750

105. Inventec incorporates Paragraphs 1-104 above by reference as if fully set forth herein.

106. Paragraph 106 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

107. Inventec denies the allegations in Paragraph 107 of the Complaint.

108. Inventec denies the allegations in Paragraph 108 of the Complaint.

109. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 109 of the Complaint and, on that basis, denies them.

110. Inventec denies the allegations in Paragraph 110 of the Complaint.

111. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 111 of the Complaint and, on that basis, denies them.

112. Inventec denies the allegations in Paragraph 112 of the Complaint.

113. Inventec denies the allegations in Paragraph 113 of the Complaint.

114. Inventec denies the allegations in Paragraph 114 of the Complaint.

115. Inventec denies the allegations in Paragraph 115 of the Complaint.

116. Inventec denies the allegations in Paragraph 116 of the Complaint.

117. Inventec denies the allegations in Paragraph 117 of the Complaint.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 8,977,797**

118. Inventec incorporates Paragraphs 1-117 above by reference as if fully set forth herein.

119. Paragraph 119 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

120. Inventec denies the allegations in Paragraph 120 of the Complaint.

121. Inventec denies the allegations in Paragraph 121 of the Complaint.

122. Inventec denies the allegations in Paragraph 122 of the Complaint.

123. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 123 of the Complaint and, on that basis, denies them.

124. Inventec denies the allegations in Paragraph 124 of the Complaint.

125. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 125 of the Complaint and, on that basis, denies them.

126. Inventec denies the allegations in Paragraph 126 of the Complaint.

127. Inventec denies the allegations in Paragraph 127 of the Complaint.

128. Inventec denies the allegations in Paragraph 128 of the Complaint.

129. Inventec denies the allegations in Paragraph 129 of the Complaint.

130. Inventec denies the allegations in Paragraph 130 of the Complaint.

131. Inventec denies the allegations in Paragraph 131 of the Complaint.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 8,756,359**

132. Inventec incorporates Paragraphs 1-131 above by reference as if fully set forth

herein.

133. Paragraph 133 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

134. Inventec denies the allegations in Paragraph 134 of the Complaint.

135. Inventec denies the allegations in Paragraph 135 of the Complaint.

136. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 136 of the Complaint and, on that basis, denies them.

137. Inventec denies the allegations in Paragraph 137 of the Complaint.

138. Inventec denies the allegations in Paragraph 138 of the Complaint.

139. Inventec denies the allegations in Paragraph 139 of the Complaint.

140. Inventec denies the allegations in Paragraph 140 of the Complaint.

141. Inventec denies the allegations in Paragraph 141 of the Complaint.

142. Inventec denies the allegations in Paragraph 142 of the Complaint.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. RE44,654

143. Inventec incorporates Paragraphs 1-142 above by reference as if fully set forth herein.

144. Paragraph 144 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

145. Inventec denies the allegations in Paragraph 145 of the Complaint.

146. Inventec denies the allegations in Paragraph 146 of the Complaint.

147. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the

allegations of Paragraph 147 of the Complaint and, on that basis, denies them.

148. Inventec denies the allegations in Paragraph 148 of the Complaint.

149. Inventec denies the allegations in Paragraph 149 of the Complaint.

150. Inventec denies the allegations in Paragraph 150 of the Complaint.

151. Inventec denies the allegations in Paragraph 151 of the Complaint.

152. Inventec denies the allegations in Paragraph 152 of the Complaint.

153. Inventec denies the allegations in Paragraph 153 of the Complaint.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. RE44,739

154. Inventec incorporates Paragraphs 1-153 above by reference as if fully set forth herein.

155. Paragraph 155 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

156. Inventec denies the allegations in Paragraph 156 of the Complaint.

157. Inventec denies the allegations in Paragraph 157 of the Complaint.

158. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 158 of the Complaint and, on that basis, denies them.

159. Inventec denies the allegations in Paragraph 159 of the Complaint.

160. Inventec denies the allegations in Paragraph 160 of the Complaint.

161. Inventec denies the allegations in Paragraph 161 of the Complaint.

162. Inventec denies the allegations in Paragraph 162 of the Complaint.

163. Inventec denies the allegations in Paragraph 163 of the Complaint.

164. Inventec denies the allegations in Paragraph 164 of the Complaint.

## COUNT VII: INFRINGEMENT OF U.S. PATENT NO. RE43,602

165. Inventec incorporates Paragraphs 1-164 above by reference as if fully set forth herein.

166. Paragraph 166 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

167. Inventec denies the allegations in Paragraph 167 of the Complaint.

168. Inventec denies the allegations in Paragraph 168 of the Complaint.

169. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 169 of the Complaint and, on that basis, denies them.

170. Inventec denies the allegations in Paragraph 170 of the Complaint.

171. Inventec denies the allegations in Paragraph 171 of the Complaint.

172. Inventec denies the allegations in Paragraph 172 of the Complaint.

173. Inventec denies the allegations in Paragraph 173 of the Complaint.

174. Inventec denies the allegations in Paragraph 174 of the Complaint.

175. Inventec denies the allegations in Paragraph 175 of the Complaint.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. RE42,984

176. Inventec incorporates Paragraphs 1-175 above by reference as if fully set forth herein.

177. Paragraph 177 of the Complaint appears to constitute a conclusion of law and no response of Inventec is required; to the extent an answer is deemed required, Inventec denies the allegation.

178. Inventec denies the allegations in Paragraph 178 of the Complaint.

179. Inventec denies the allegations in Paragraph 179 of the Complaint.

180. Inventec lacks the knowledge to form a belief as to the truth or accuracy of the allegations of Paragraph 180 of the Complaint and, on that basis, denies them.

181. Inventec denies the allegations in Paragraph 181 of the Complaint.

182. Inventec denies the allegations in Paragraph 182 of the Complaint.

183. Inventec denies the allegations in Paragraph 183 of the Complaint.

184. Inventec denies the allegations in Paragraph 184 of the Complaint.

185. Inventec denies the allegations in Paragraph 185 of the Complaint.

186. Inventec denies the allegations in Paragraph 186 of the Complaint.

## DEMAND FOR JURY TRIAL

No response to the Demand for Jury Trial is necessary. To the extent a response is required, Inventec demands a jury trial on all issues that may be so tried.

## PRAYER FOR RELIEF

These Paragraphs set forth the statement of relief requested by ACQIS. Inventec denies that ACQIS is entitled to any relief or damages and specifically denies all the allegations and prayers for relief in Paragraphs A through F of ACQIS' prayer for relief.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as specifically admitted herein, Inventec denies all remaining allegations in ACQIS' Complaint.

## AFFIRMATIVE DEFENSES

Without altering the burdens of proof or assuming any burden that it would not otherwise have, Inventec asserts the following affirmative and other defenses upon information and belief. Inventec reserves the right to amend its answer with additional defenses as further

information is obtained.

**FIRST AFFIRMATIVE DEFENSE**
**(FAILURE TO STATE A CLAIM)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(NON-INFRINGEMENT)**

Inventec does not infringe and has not infringed, directly, indirectly or jointly, literally or by the doctrine of equivalents, or any other way, any valid and enforceable claim of the ACQIS Patents.

**THIRD AFFIRMATIVE DEFENSE**
**(INVALIDITY)**

The claims of the ACQIS Patents are invalid, unenforceable and/or void for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, 111, 112, 116 and/or 282, and the judicial doctrine of obvious-type double patenting.

**FOURTH AFFIRMATIVE DEFENSE**
**(LIMITATION ON DAMAGES AND COSTS UNDER**
**35 U.S.C. §§ 252, 286, 287, and 288)**

ACQIS's claims for damages and costs, if any, are statutorily limited or barred under 35 U.S.C. §§ 252, 286, 287, and 288.

**FIFTH AFFIRMATIVE DEFENSE**
**(PROSECUTION HISTORY ESTOPPEL / PROSECUTION DISCLAIMER)**

ACQIS's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

**SIXTH AFFIRMATIVE DEFENSE**
**(EQUITABLE DOCTRINES)**

ACQIS's claims are barred, in whole or in part, by the equitable doctrines of laches,

waiver, estoppel, acquiescence, and/or unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**
**(RELEASE AND LICENSE)**

ACQIS's claims are barred, in whole or in part, by the defenses of release and license.

**EIGHTH AFFIRMATIVE DEFENSE**
**(NO ENHANCED DAMAGES)**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

**RESERVATION OF AFFIRMATIVE DEFENSES**

Inventec hereby reserves the right to supplement, withdraw and/or modify its affirmative defenses as discovery proceeds and facts are developed in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Inventec pray for relief with respect to ACQIS's Complaint as follows:

A. That the Complaint be dismissed, in its entirety, with prejudice and that judgment be entered in Inventec's favor;

B. That ACQIS take nothing on its Complaint;

C. For costs of the suit herein;

D. The Court find that the asserted claims of the asserted patents are invalid and/or unenforceable;

E. The Court find that Inventec has not infringed, literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid claim of any asserted patent;

F. The Court find that Plaintiff cannot recover any relief or damages from Inventec for any infringement of any asserted patent and is not entitled to any injunctive relief;

G. A declaration that this case is exceptional under 35 U.S.C. § 285 and awarding attorneys' fees; and

H. For such other relief as the Court deems just and proper.

## COUNTERCLAIMS

For its counterclaims against ACQIS, Inventec alleges as follows:

1. This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, and 2201. ACQIS has submitted to personal jurisdiction and to venue in this District by filing this action. Thus, venue for Inventec's counterclaim may be proper in this district, although other venues may be more convenient to the parties.

2. The declaratory relief requested herein would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by ACQIS in its Complaint.

3. Inventec Corporation is a Taiwan corporation with its headquarters located at No.66, Hougang St., Shilin Dist., Taipei City 11170, Taiwan.

4. Upon information and belief, ACQIS LLC, is a limited liability company organized and existing under the laws of the State of Texas, with offices at 411 Interchange Street, McKinney, Texas 75071.

5. By its Complaint, ACQIS purports to assert a claim against Inventec for infringement of the ACQIS Patents.

6. Inventec denies ACQIS' claim of infringement of the ACQIS Patents. Inventec contends that the asserted claims of the ACQIS Patents are invalid and unenforceable against it.

7. An actual controversy has arisen and now exists between Inventec and ACQIS as to the non-infringement, invalidity, and/or unenforceability of the ACQIS Patents.

**COUNT I: Declaration of Non-Infringement of U.S. Patent 9,529,768 ("'768 Patent")**

8. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 7.

9. ACQIS claims that it is the sole owner of the '768 Patent. ACQIS asserts it has standing to sue for infringement of the '768 Patent.

10. ACQIS has asserted that Inventec's products infringe the '768 Patent.

11. Inventec denies that its products infringe any valid claim of the '768 Patent.

12. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '768 Patent, literally or under the doctrine of equivalents.

**COUNT II: Declaration of Patent Invalidity of the '768 Patent**

13. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 12.

14. Inventec asserts that the claims of the '768 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

15. Inventec seeks and is entitled to a declaration that the claims of the '768 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

**COUNT III: Declaration of Non-Infringement of U.S. Patent 9,703,750 (“’750 Patent”)**

16. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 15.

17. ACQIS claims that it is the sole owner of the ’750 Patent. ACQIS asserts it has standing to sue for infringement of the ’750 Patent.

18. ACQIS has asserted that Inventec’s products infringe the ’750 Patent.

19. Inventec denies that its products infringe any valid claim of the ’750 Patent.

20. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the ’750 Patent, literally or under the doctrine of equivalents.

**COUNT IV: Declaration of Patent Invalidity of the’750 Patent**

21. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 20.

22. Inventec asserts that the claims of the ’750 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

23. Inventec seeks and is entitled to a declaration that the claims of the ’750 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

**COUNT V: Declaration of Non-Infringement of U.S. Patent 8,977,797 ("'797 Patent")**

24. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 23.

25. ACQIS claims that it is the sole owner of the '797 Patent. ACQIS asserts it has standing to sue for infringement of the '797 Patent.

26. ACQIS has asserted that Inventec's products infringe the '797 Patent.

27. Inventec denies that its products infringe any valid claim of the '797 Patent.

28. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '797 Patent, literally or under the doctrine of equivalents.

**COUNT VI: Declaration of Patent Invalidity of the'797 Patent**

29. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 28.

30. Inventec asserts that the claims of the '797 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

31. Inventec seeks and is entitled to a declaration that the claims of the '797 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

## COUNT VII: Declaration of Non-Infringement of U.S. Patent 8,756,359 ("'359 Patent")

32. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 31.

33. ACQIS claims that it is the sole owner of the '359 Patent. ACQIS asserts it has standing to sue for infringement of the '359 Patent.

34. ACQIS has asserted that Inventec's products infringe the '359 Patent.

35. Inventec denies that its products infringe any valid claim of the '359 Patent.

36. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '359 Patent, literally or under the doctrine of equivalents.

## COUNT VIII: Declaration of Patent Invalidity of the'359 Patent

37. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 36.

38. Inventec asserts that the claims of the '359 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

39. Inventec seeks and is entitled to a declaration that the claims of the '359 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

**COUNT IX: Declaration of Non-Infringement of U.S. Patent RE44,654 ("'654 Patent")**

40. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 39.

41. ACQIS claims that it is the sole owner of the '654 Patent. ACQIS asserts it has standing to sue for infringement of the '654 Patent.

42. ACQIS has asserted that Inventec's products infringe the '654 Patent.

43. Inventec denies that its products infringe any valid claim of the '654 Patent.

44. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '654 Patent, literally or under the doctrine of equivalents.

**COUNT X: Declaration of Patent Invalidity of the'654 Patent**

45. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 44.

46. Inventec asserts that the claims of the '654 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

47. Inventec seeks and is entitled to a declaration that the claims of the '654 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

**COUNT XI: Declaration of Non-Infringement of U.S. Patent RE44,739 ("'739 Patent")**

48. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 47.

49. ACQIS claims that it is the sole owner of the '739 Patent. ACQIS asserts it has standing to sue for infringement of the '739 Patent.

50. ACQIS has asserted that Inventec's products infringe the '739 Patent.

51. Inventec denies that its products infringe any valid claim of the '739 Patent.

52. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '739 Patent, literally or under the doctrine of equivalents.

**COUNT XII: Declaration of Patent Invalidity of the '739 Patent**

53. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 52.

54. Inventec asserts that the claims of the '739 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

55. Inventec seeks and is entitled to a declaration that the claims of the '739 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

## COUNT XIII: Declaration of Non-Infringement of U.S. Patent RE43,602 ("'602 Patent")

56. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 55.

57. ACQIS claims that it is the sole owner of the '602 Patent. ACQIS asserts it has standing to sue for infringement of the '602 Patent.

58. ACQIS has asserted that Inventec's products infringe the '602 Patent.

59. Inventec denies that its products infringe any valid claim of the '602 Patent.

60. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '602 Patent, literally or under the doctrine of equivalents.

## COUNT XIV: Declaration of Patent Invalidity of the '602 Patent

61. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 60.

62. Inventec asserts that the claims of the '602 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

63. Inventec seeks and is entitled to a declaration that the claims of the '602 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

**COUNT XV: Declaration of Non-Infringement of U.S. Patent RE42,984 ("'984 Patent")**

64. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 63.

65. ACQIS claims that it is the sole owner of the '984 Patent. ACQIS asserts it has standing to sue for infringement of the '984 Patent.

66. ACQIS has asserted that Inventec's products infringe the '984 Patent.

67. Inventec denies that its products infringe any valid claim of the '984 Patent.

68. Inventec seeks and is entitled to a declaration that its products do not directly infringe (either individually or jointly), or indirectly infringe any valid claim of the '984 Patent, literally or under the doctrine of equivalents.

**COUNT XVI: Declaration of Patent Invalidity of the '984 Patent**

69. Inventec restates and incorporates by reference the allegations of Paragraphs 1 through 68.

70. Inventec asserts that the claims of the '654 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

71. Inventec seeks and is entitled to a declaration that the claims of the '654 Patent are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 111, 112, 116, 251, and/or 282, and the judicial doctrine of obvious-type double patenting.

## DEMAND FOR JURY TRIAL

Inventec demands a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE Inventec prays for the following relief:

A. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’768 Patent;

B. Judgment declaring that the ’768 Patent is invalid, void, and unenforceable;

C. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’750 Patent;

D. Judgment declaring that the ’750 Patent is invalid, void, and unenforceable;

E. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’797 Patent;

F. Judgment declaring that the ’797 Patent is invalid, void, and unenforceable;

G. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’359 Patent;

H. Judgment declaring that the ’359 Patent is invalid, void, and unenforceable;

I. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’654 Patent;

J. Judgment declaring that the ’654 Patent is invalid, void, and unenforceable;

K. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’739 Patent;

L. Judgment declaring that the ’739 Patent is invalid, void, and unenforceable;

M. Judgement declaring that Inventec has not directly or indirectly infringed, either

literally or under the doctrine of equivalents, any claim of the ’602 Patent;

N. Judgment declaring that the ’602 Patent is invalid, void, and unenforceable;

O. Judgement declaring that Inventec has not directly or indirectly infringed, either literally or under the doctrine of equivalents, any claim of the ’984 Patent;

P. Judgment declaring that the ’984 Patent is invalid, void, and unenforceable;

Q. Judgement denying any preliminary or permanent injunctive relief in favor of ACQIS against Inventec;

R. Denial of ACQIS’s request for a judgment that this action is an exceptional case;

S. Judgement that ACQIS shall not be entitled to any damages, enhanced damages, costs, expenses, attorneys’ fees, pre-judgment interest, or post judgment interest from Inventec;

T. Judgment that ACQIS shall take nothing by this action; and

U. Inventec be awarded the costs of suit, attorneys’ fees, and any other relief this Court deems just and proper.

Dated: January 29, 2021

Respectfully submitted,

**BLANK ROME LLP**

*<u>/s/ Russell T. Wong</u>*
**Russell T. Wong**
Attorney-in-Charge
State Bar No. 21884235
<u>RWong@BlankRome.com</u>
Tel.: (713) 632-8634
Fax: (713) 228-6605

**Munira Jesani**
State Bar No. 24101967
MJesani@BlankRome.com
717 Texas Avenue, Suite 1400
Houston, Texas 77002
Tel: (713) 632-8628
Fax: (713) 228-6605

**Attorneys for Defendant Inventec Corporation**

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record were electronically served with a copy of the foregoing on January 29, 2021 via the Court's CM/ECF system.

*/s/ Russell T. Wong*
Russell T. Wong